86 F.3d 1176
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Russell G. CRANDALL, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 96-3112.
 United States Court of Appeals, Federal Circuit.
 May 10, 1996.
 
 Before MAYER, MICHEL, and RADER, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Russell G. Crandall petitions for review of the December 11, 1995 final decision of the Merit Systems Protection Board (Board), No. SF-0351-94-0019-X-1, dismissing as moot his petition for enforcement of the Board's earlier decision reversing his demotion during the 1992-93 reorganization of the United States Postal Service (Postal Service). The appeal was submitted for decision on the briefs on May 7, 1996. Because we discern no error in the Board's dismissal of Crandall's enforcement petition as moot, we affirm.
 
 DISCUSSION
 
 2
 The instant appeal arises out of the Postal Service's nationwide reorganization in 1992-93. In its September 1994 decision in Anderson v. United States Postal Service, 64 M.S.P.R. 233 (1994), a consolidated case involving Crandall and 88 other preference eligible employees demoted as a result of the restructuring, the full Board affirmed the initial decisions reversing those demotions. Specifically, the Board concluded that the Postal Service had demoted Crandall and others without according them their substantive RIF rights under 5 C.F.R. Part 351 as preference eligible employees. Id. at 237. As a result, the Board ordered that the Postal Service cancel the demotions, restore the employees to their former positions as of the date of the wrongful demotions, and provide each employee "back pay, interest on back pay, and other benefits under Postal Service regulations." Id. at 238.
 
 
 3
 On October 11, 1994, Crandall filed a petition for enforcement of the Board's order in Anderson as it affected his case. In its initial decision of February 16, 1995, the Board granted Crandall's petition, providing the Postal Service detailed instructions for complying with the Board's order in Anderson. Importantly, the Administrative Judge (AJ) made it clear that, because Crandall had retired from the Postal Service, effective on or about February 26, 1994, "[t]he agency's compliance is limited to paper transactions to determine the appellant's correct status/position on the date of his retirement."*
 
 
 4
 On May 15, 1995, in response to this initial decision, the Postal Service expressed the view before the AJ that, because Crandall had retired in February 1994, it was not necessary to include him in the nationwide "compliance RIF" that it was conducting to comply with the Board's orders in 1992-93 reorganization cases. On November 1, 1995, the AJ issued a notice to Crandall instructing him as follows:
 
 
 5
 You may respond to the agency's assertion of compliance within 15 days of the date of this Order. Your response should address the effect of the agency's failure to issue you a specific compliance RIF notice on your employment between the date of your demotion as a result of the 1992-93 restructuring and the date of your retirement. If no response is filed with the Board within 15 days from the date of this Order, the Board will assume that all parties are satisfied and will dismiss your petition for enforcement as moot.
 
 
 6
 On December 11, 1995, the full Board dismissed Crandall's petition for enforcement as moot, noting that (a) the voluntariness of his February 1994 retirement could be challenged only by a separately filed appeal, and (b) Crandall had not responded to the AJ's November 1 notice requiring him to demonstrate the adverse effect, if any, of the Postal Service's failure to include him in the nationwide "compliance RIF."
 
 
 7
 Crandall appeals from the Board's decision dismissing his enforcement petition as moot, contending that he had not received the AJ's notice of November 1, and that his February 1994 retirement from the Postal Service was involuntary.
 
 
 8
 We discern no error in the Board's conclusion that Crandall could challenge the voluntariness of his retirement only by filing a separate appeal before the Board. We note, moreover, that the AJ's February 1995 initial decision on the enforcement petition so informed Crandall. The government points out, quite correctly, that while it cannot conclusively disprove Crandall's assertion that he did not receive the AJ's November 1 notice, the record demonstrates that the notice was sent to Crandall at the same San Gabriel, California address as was the February 1995 initial decision, which he does not dispute he received. Finally, and most importantly, the record is wholly devoid of evidence suggesting that the Board could have afforded Crandall any further relief. By the time he had filed the enforcement petition, Crandall had retired; because his demotion included indefinite saved grade and indefinite saved pay, he suffered no present or future financial loss as a result of it. In short, Crandall no longer had any legally cognizable interest in the outcome of his petition for enforcement, and the Board thus properly dismissed the petition as moot. Horner v. Merit Sys. Protection Bd., 815 F.2d 668, 671 (Fed.Cir.1987).
 
 
 9
 For the foregoing reasons, the Board's decision dismissing the enforcement petition is affirmed.
 
 
 
 *
 The AJ also made it clear that Crandall could challenge the voluntariness of his retirement only by filing a separate appeal with the Board